(98 App. Div. 560)

In re BURDICK'S ESTATE.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1904.)

1. SURROGATE'S COURT—JURISDICTION—CONSTRUCTION OF WILLS.

   The jurisdiction of the Surrogate's Court to construe a will exists only when necessary to the exercise of the powers conferred by statute; and an order of the Surrogate, made pursuant to stipulation on the petition of the executors, and objections filed by interested parties, simply declaring a clause of the will void, and not making any judicial settlement of the estate or decree of distribution, was without authority and in excess of the jurisdiction of the Surrogate.

Appeal from Surrogate's Court, Erie County.

In the matter of the estate of Edwin L. Burdick, deceased. From an order of the Surrogate's Court assuming to construe and determine that certain provisions of the will of said deceased were invalid, Augustus B. Miller and another, executors, etc., appeal. Reversed.

See 84 N. Y. Supp. 932.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

William C. White, for appellants.
Albert A. Hartzell, for respondents.

McLENNAN, P. J. From the record before us it is impossible to learn in what proceeding the order appealed from was made, or even what proceeding was pending before the court at the time of the making of such order. A petition entitled "In the Matter of the Probate of the Last Will and Testament of Edwin L. Burdick, Deceased," was duly verified by the appellants, addressed to the Surrogate's Court. Objections in writing, entitled in the same manner, also verified, were made by the respondents to the fourth clause of a will purporting to be made by said Burdick, and which is printed in full in the record, but no objection was made to the probate of the will. The record then contains the following:

"Surrogate's Court, Erie County.
"In the Matter of the Estate of Edwin L. Burdick, Deceased.
"Proceedings of May 7, 1904.

"The Court: It is stipulated that the question of a trust or trust powers, if any exist, raised under the objections to paragraph four of this will, or any other part of said will, in so far as the same is necessary to be determined for the purpose of decreeing distribution, and to enable the court to direct distribution of the entire estate, may be passed on at this time, instead of being deferred until the judicial settlement.

"It is further stipulated that the will is a will dictated by the testator, and that he was not an attorney or counselor at law."

Then follows the order appealed from, which is entitled as last above. There is nothing to indicate in what proceeding the order was made. By it the will was not admitted to probate. The respondent Alice H. Burdick was not appointed guardian of the infant respondents. There was no judicial settlement of the estate, or any decree of distribution. The order simply adjudges that the fourth clause of the will is void, that no trust was created or trustees appointed by the testator, and that

upon the judicial settlement of their accounts the executors shall pay to the acting guardian of the infants the balance of the estate remaining in their hands.

It is stated in the briefs of counsel that the respondent Alice H. Burdick has been appointed such guardian, but there is no proof of the fact in the record, or any recital thereof in the order. So far as appears, the Surrogate only acted in the premises presumably because requested to do so by all the parties interested. They conceived there was doubt as to whether or not the fourth clause of Burdick's will was valid, and wished to obtain a judicial determination of that question by the Surrogate's Court. We think the Surrogate's Court was wholly without jurisdiction in the premises, and had no authority to make the order appealed from, and therefore that it should be reversed.

There was no final accounting. There was no proceeding had for the distribution of the assets of the estate. It does not appear that the will had been probated, except by the recital in the opinion of the learned Surrogate. So far as appears, no proceeding was pending and none had been taken which would authorize the Surrogate's Court to exercise the incidental power of construing any provision of the will, which incidental power exists only when necessary to the exercise of the powers expressly conferred by statute. The attorneys representing all parties interested earnestly request this court to indicate its views as to the validity of the provisions of the will which the learned Surrogate held to be void. This the court should not do, because by so doing it would impliedly assent to the proposition that the Surrogate's Court has the power to construe the provisions of a will in a proceeding and at a time when such construction is not incidental to the exercise of any power conferred by statute. Under the circumstances and, for the reasons above stated, we must decline to consider or determine the question as to the validity of the fourth clause of the will. It follows that the order appealed from should be reversed, upon the ground that the Surrogate's Court was without jurisdiction to make the same.

Order reversed, without costs of this appeal to either party. All concur; SPRING, J., in result.